IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH DAKOTA AT PIERRE

In re:

GLASS, EMILI A.

[This Transfer of Claim applies to claim number **8** originally filed in this case.]

Chapter 13

Case No.:   02-50055
Amount:    $2,295.11
Account No.:  xxxx-xxxx-xxxx-xxxx-xxx0901

## JOINT NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP 3001(e)(2) AND WAIVER OF OPPORTUNITY TO OBJECT

Conseco Finance Servicing Corp. ("Seller/Transferor/Assignor") and **B-Line, L.L.C.** ("**Purchaser/Transferee/Assignee**") do hereby provide joint notice of the unconditional sale and transfer of all right, title and interest in and to certain Claims (as such is defined in the Purchase and Sale Agreement dated 06/30/2002 between Seller/Transferor/Assignor and Purchaser/Transferee/Assignee), including the Claim referenced above (the "Bankruptcy Claim").

Pursuant to Bankruptcy Rule 3001(e)(2) and the foregoing assignment, the Purchaser/Transferee/Assignee hereby requests that it be immediately substituted upon the docketing of this Joint Notice of Transfer of Claim for the Seller/Transferor/Assignor as the record holder of the Bankruptcy Claim for all purposes in these proceedings. The Seller/Transferor/Assignor concurs with the request and, pursuant to the attached Waiver of Notice of Transfer of Claim, hereby informs the court that it waives its right to receive notice of the transfer and declines its opportunity to object under FRBP 3001 (e)(2).

Date: 11/4/2005

ORIGINAL SELLER/TRANSFEROR/ASSIGNOR:
CONSECO FINANCE SERVICING CORP.
332 MINNESOTA ST.
ST. PAUL, MN 55101
TELEPHONE: 800-419-5010

BY: (See Attached Waiver)

PURCHASER/TRANSFEREE/ASSIGNEE:
B-LINE, L.L.C.
MAIL STOP 550
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WA 98121
TELPHONE: (206) 269-3490
TELECOPY: (206) 269-3489

BY: _____
RICHARD S. RALSTON, WSBA NO. 8546
ATTORNEY FOR PURCHASER/TRANSFEREE/ASSIGNEE
WEINSTEIN RILEY, P.S.
MAIL STOP 550
2101 FOURTH AVENUE, SUITE 900
SEATTLE, WA 98121
E-MAIL: CHAPTER-13@WLEGAL.COM

RECEIVED/FILED
2005 NOV 14 A 8:31
CLERK
U.S. BANKRUPTCY COURT
DIST. OF SOUTH DAKOTA

### Schedule 3

### LIMITED POWER OF ATTORNEY
### IN CONNECTION WITH TRANSFER OF LOANS
### INVOLVING CHAPTER 7 AND CHAPTER 13 PROCEEDINGS

1. Designation. Conseco Finance Servicing Corp., a Delaware corporation (the "Principal"), with its principal place of business at 332 Minnesota St., St. Paul, MN 55101-1311, by and through Dan Hall, its Executive Vice President hereby designates Weinstein, Riley & Treiger, P.S., with its offices at 2101 Fourth Avenue, Suite 900, Seattle, WA 98121 as its attorney-in-fact for the Principal for the limited purposes and subject to the terms and duration herein set forth.

2. Effective Date. This limited power of attorney shall become effective upon execution by the Principal, to remain effective for the limited purposes set forth below until terminated by the Principal or the duration of said limited power of attorney expires.

3. Effectiveness; Duration. This limited power of attorney shall continue until revoked or terminated in accordance with Paragraph 5 hereof.

4. Powers. The attorney-in-fact shall have the power to act in the place and stead of the Principal, solely for the purpose of effecting the transfer of that certain portfolio of loans sold by the Principal, as Transferor, to B-Line, LLC, as Transferee pursuant to the Purchase Agreement dated as of June 30, 2002, Such powers of the attorney-in-fact shall include the power and authority to do the following:

    a. Submit to the Clerks and or Trustees of the various United States Bankruptcy Courts Chapter 13 or Chapter 7 proceedings, the requisite documentation required to effect a transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to certain loans, to B-Line, L.L.C., as Transferee. This authority includes the authority to submit on behalf of Principal a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

    b. Submit to the Clerks and/or Trustees of the various United States Bankruptcy Courts, Chapter 7 Proceedings ,the requisite documentation required to effect a transfer of the ownership of the Proof of Claim previously submitted by the Principal as Transferor, to B-Line, L.L.C., as Transferee. This authority includes the authority to submit on behalf of Principal an Evidence of Claim Transfer and Waiver of Notice and Objection to transfer Pursuant to Federal Rule of Bankruptcy Procedure 3001 (e)(2), as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule

    c. Sign, seal, execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever which may be necessary and proper to be done in or about the exercise of the power and authority hereinabove granted to the attorney-in-fact as fully to all intents and purposes as the Principal might or could do if personally present through a designated representative.

5. Termination. This power of attorney shall be terminated by:

    a. The Principal by written notice to the attorney-in-fact and by recording the written instrument of revocation in the office of the recorder or auditor of the county of the place where the Principal maintains its registered office;

   b. Upon the close of business on December 31, 2004.

6. Accounting. Upon request of the Principal, the attorney-in-fact shall account for all actions taken by the attorney-in-fact for or on behalf of the Principal.

7. Reliance. The attorney-in-fact and all persons dealing with the attorney-in-fact shall be entitled to rely upon this power of attorney so long as neither the attorney-in-fact, nor any person with whom the attorney-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken unless otherwise invalid or unenforceable, shall be binding on the Principal and any assigns or transferee of the Principal.

   DATED this 5th day of July, 2002.

                                          CONSECO FINANCE SERVICING CORP.,

                                          By _____
                                            Dan Hall, E.V.P.

ACCEPTED by Attorney-in-Fact:

WEINSTEIN, TREIGER & RILEY, P.S.


By _____
Its _____

## Schedule 2

### BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

Conseco Finance Servicing Corp., a Delaware ("Seller"), for value received, transfers, sells, assigns, conveys, grants and delivers to B-Line, L.L.C. ("Purchaser") on an "AS IS" and "WITH ALL FAULTS" basis, without recourse and without representation or warranties of any type, kind, character or nature, express or implied (except as otherwise provided for in the Purchase Agreement dated June 26, 2002 between the Seller and Purchaser (the "Purchase Agreement")), all the Seller's right, title and interest in and to (i) the accounts which are identified on Exhibit A attached hereto (each, an "Account"); (ii) all proceeds of such Accounts after the close of business on the Cut-Off Date (as defined in the Purchase Agreement) and (iii) any security interest in consumer goods or real estate that exists with such Accounts.

Pursuant to this Bill of Sale and Assignment of Accounts, the Seller stipulate that the Purchaser may be substituted for the Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001(e)(2).

SELLER:

Dated as of June 30, 2002            CONSECO FINANCE SERVICING CORP.

By: _____
Dan Hall, E.V.P.